ORD. PET.

Case 48.

## Tinsley *vs.* Tinsley, &c.

### APPEAL FROM ANDERSON CIRCUIT.

1. The 152nd section of the Code of Practice authorizes a counter-claim in behalf of one of several defendants to be set up in answer to the action, and the only restriction made as to the nature of such counter-claim is that it shall be a cause of action arising out of the contract or transaction set forth in the petition, as the foundation of plaintiff's claim. It is not necessary that it be founded on contract; or arise out of the contract set forth in the petition. It is sufficient if it arise out of the transaction set forth in the petition, or be connected with the subject of the action. As where the plaintiff's claim is for rent accruing during the pendency of an injunction to keep the plaintiff out of possession, any interference by plaintiff which rendered that possession less profitable is a ground of counter-claim, as arising out of the transaction, and is connected with the plaintiff's cause of action—though it may amount to a trespass or other tort. So in such action the taking possession of the land under a writ of *hab. facias* whilst the crop was growing and using by plaintiff, constituted a good defense to damages claimed upon the injunction bond in reduction of damages.

2. Where the entry upon land is lawful, and the claimant is kept out of possession by injunction, and the rent secured by bond, the occupant may be regarded in effect a *quasi* tenant under rent during the pendency of the injunction; and though upon the dissolution of the injunction the claimant may lawfully take the possession, it does not follow that he is entitled to the crop then growing on the land. It belongs to the person who under such circumstances planted it, and if taken with the land constitutes a valid conter-claim to the demand for rent upon the bond.

Case stated.

This action was brought by Samuel Tinsley against Nancy Tinsley and John A. McClure, her surety, upon an injunction bond given by Nancy Tinsley to stay the execution of a writ of restitution awarded by the Shelby Circuit Court, to give to Samuel Tinsley the possession of one hundred and seventy acres of land, which, it was adjudged, had been unlawfully detained by Nancy Tinsley. The warrant for the forcible detainer was sued out in March, 1850, a judgment for restitution, and the finding traversed and not prosecuted, but the case dismissed, and a writ of restitution awarded. To

stay this writ, Nancy Tinsley, on the 9th April, 1850, filed her bill in the Shelby Circuit Court, claiming title to the land, and enjoining the writ of restitution.

In October, 1851, the Circuit Court dismissed her bill and dissolved the injunction, and awarded the writ of restitution. An appeal was prosecuted by Nancy Tinsley, the decree affirmed, and the writ of restitution issued, and possession delivered to Samuel Tinsley of the land, with a crop of corn not gathered. The suit is brought upon the injunction bond, given by Nancy Tinsley, with John A. McClure as her surety, to save the defendant, Samuel Tinsley, harmless, and indemnify him for any loss arising from the injunction. He claims damages commensurate with the injury arising to him by being kept out of the possession and use of his land for two years, and the costs expended in defending the suit in chancery, which had not been paid.

The defendants, in two separate paragraphs, set up for defense, 1. That, in the year 1850, the defendant, Nancy, was unable to rent the land, because of the threats of plaintiff given out, that he would take the possession of the land, so soon as the law would permit, with any crop upon it. 2. That in October, 1851, whilst there was a crop growing upon the land, the plaintiff did, in fact, take possession of the land, with crop growing thereon, to-wit: one hundred and eighty barrels of corn, worth one dollar and fifty cents per barrel.

Plaintiff demurred to each of these matters of defense, but the demurrer was overruled by the Circuit Court. A reply was filed denying the truth of the first and justifying the second defense. The jury found a verdict for the defendants for $69 50. The plaintiff moved in arrest of judgment and for a new trial; both motions being overruled, the plaintiff appealed to this court.

*Lindsey and B. & J. Monroe*, for the appellant—

It is denied by counsel for appellant, that the matters set out in the first paragraph of the answer,

TINSLEY
vs.
TINSLEY, &c.

presents any valid legal defense to the action. Broad as the Code of Practice may be, and however it may enlarge the defense to actions at law, it is not believed that it is broad enough to let in this defense to an action upon an injunction bond. It is denied that the declarations of Tinsley that he would get the possession of his land as soon as the law would permit, constituted any cause of action or ground of defense to an action or a set-off. The same may be said as to the defense in the second paragraph—the taking of the corn from the sub-tenants of Nancy Tinsley by Samuel Tinsley, after he was legally put in possession of the land.

Chapter 4, section 152, of the Code of Practice, has this provision: "That the counter-claim allowed must be a cause of action in favor of defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

In this case the subjects of the counter-claim did not arise out of the bond sued upon, or have any connection therewith. The bond was the foundation of the action.

The price and value of the corn, which is claimed in the defense, cannot be properly the subject of counter-claim or set-off in this suit. It had not been the subject of any contract. It was not in any way connected with the contract evidenced by the bond. If there was any illegal act done by Samuel Tinsley in gathering corn growing upon land, the possession of which was given to him by legal authority, he was not responsible to these defendants. It was from sub-tenants it was taken, as the proof shows. If it was illegally taken from them, they alone had right of action. It was not a vendible right which, when sold, constituted a valid set-off or counter-claim in this suit.

By section 154, chapter 4, of the Code, "a set-off can only be pleaded in an action founded on contract,

and must be a cause of action arising upon contract, or ascertained by the decision of a court."

. 2. We do not suppose that the two paragraphs, set up as defense, can be united as a defense to the action, any more than they could be united in the same action. By section 137, title 6, causes of action for tort and contract cannot be joined. Nor do we suppose that a tort, though it grow out of a contract, can be made the basis of a set-off or counterclaim—much less do we suppose that speaking disparagingly of the title of an adversary, in comparison with that of one asserting title, can be the ground of a set-off or counter-claim in a suit between the parties, arising out of a contract.

The possession of Samuel Tinsley of the land which had been illegally held, was legally obtained, and with that possession the growing crop. Can he be made responsible for appropriating it to his own use? It was the production of his own land, and was attached to the soil. We cannot perceive the illegality of his action, or the propriety of admitting such a defense.

We insist that the questions were properly presented by the demurrer and by the answer, agreeably to chapter 3, section 149, of the Code, and that the Circuit Court erred in its judgment.

*J. D. Hardin*, for appellees—

1. There is no evidence that the injunction was dissolved. The record exhibited shows no such judgment, and without a dissolution of the injunction, no suit can be maintained upon the bond.

2. The answer of the defendants was filed at one term, a demurrer filed thereto, and the demurrer overruled; at the next term the plaintiff filed another demurrer, without withdrawing the reply. The court overruled the demurrer. Before the Code a demurrer and replication could not be filed to a plea at the same time—the plea was regarded as a waiver of the demurrer. I suppose such is still the law.

The Code requires that the plaintiff demur or reply. If he demurs and it is overruled, if the party desire to have the benefit of the demurrer he must abide by the demurrer. If he reply and go to trial, he waives his demurrer.

3. The object of the injunction bond was to secure the plaintiff against injury arising from keeping him out of the possession of his land, though he may have been kept out of the use of his land, yet if he has received the benefit of the crop raised, he is not injured. The crop raised by the labor of others he has taken and converted to his own use.

4. If, by the conduct of plaintiff, the land could not be rented and the profits received by the obligor in the injunction bond, this interference to her prejudice should be regarded as a good reason why he should not recover rents for lands which was not rented and failed to be productive by his acts. In one instance the plaintiff has taken and enjoyed the product of the land which was rented, and again he has prevented the renting of the land, each of which acts are relied upon and adjudged a good defense to the action, and is sustained by the rules of practice under the Code, whatever might have been the rule in such cases before its adoption. I insist that the judgment should be affirmed.

September 27.

Chief Justice MARSHALL delivered the opinion of the court on the 27th September, 1854, but it was suspended by petition for re-hearing until the 12th January, 1855, when the petition was overruled.

This action was brought by Samuel Tinsley against Nancy Tinsley and John A. McClure, her surety, to recover damages upon an injunction bond, in the penalty of $300, executed by them for procuring an injunction against the execution of a judgment for restitution, rendered by the Shelby Circuit Court in favor of Samuel Tinsley against Nancy Tinsley, upon a warrant for forcible entry and detainer. The petition alleges the dismissal of the bill and dissolution

of the injunction, and claims damages for costs incurred in defending the injunction suit, and for being kept out of the possession of the land from April, 1850, to September, 1851, alleging the rent for that period to have been worth $660.

The defendants, in their answers, besides certain denials which it is not necessary to notice, set up a defense and counter-claim on behalf of the defendant, Tinsley, first upon the ground that during the pendency of the injunction, the plaintiff had, by his threats, prevented her from renting the land to solvent men for $150, and thus making the rent for which he sues; and second, upon the ground that since the injunction was obtained, the plaintiff had taken and disposed of the crop of corn growing thereon, and raised by said defendant, while the injunction was pending, of the value of at least $250. The plaintiff, after filing a demurrer, which was overruled, denies the first ground of claim, and as to the second he justifies under the decree and process of restitution, claiming a right to the corn growing on the land when he was put in possession under the decree.

The jury found a verdict for the defendants of $69 50, on which a judgment was rendered in their favor, and the plaintiff's motion in arrest and for a new trial having been overruled, he brings the case to this court for the reversal of the judgment against him.

The Code, section 152, authorizes a counter-claim in behalf of one of several defendants, to be set up in answer to the action, and the only restriction which it makes as to the nature of such counter-claim, is that it shall be a cause of action arising out of the contract or transaction set forth in the petition, (as the foundation of the plaintiff's demand,) or that it be connected with the subject of the action. It is not required that the counter-claim itself shall be founded in contract, or arise out of the contract set forth in the petition, but it is sufficient that

1. The 152nd section of the Code of Practice authorizes a counter-claim in behalf of one of several defendants to set up in answer to the action, and the only restriction made as to the nature of such counter-claim is that it shall be a cause of action arising out of the contract or transaction set forth in the petition, as the foundation of plaintiff's claim. It is not necessary that it be founded on contract; or arise out of the contract set forth in the petition. It

TINSLEY
*vs.*
TINSLEY, &c.

is sufficient if it arise out of the transaction set forth in the petition, or be connected with the subject of the action. As where the plaintiff's claim is for rent accruing during the pendency of an injunction to keep the plaintiff out of possession, any interference by plaintiff which rendered that possession less profitable is a ground of counter-claim, as arising out of the transaction, and is connected with the plaintiff's cause of action—tho' it may amount to a trespass or other tort. So in such action the taking possession of the land under a writ of *hab. facias* whilst the crop was growing and using by plaintiff, constituted a good defense to damages claimed upon the injunction bond in reduction of damages.

2. Where the entry upon land is lawful, and the claimant is kept out of possession by injunction, and the rent secured by bond, the occupant may be regarded in ef-

it arise out of the transactions set forth in the petition, or be connected with the subject of the action. As the petition states the occupation of the land by Mrs. Tinsley, during the pendency of the injunction, and claims damages therefor, any interference by the plaintiff which rendered such occupation less profitable or less valuable to the occupant, constituted a cause of action arising out of the transaction set forth in the petition, and is connected with the plaintiff's cause of action; and although it amount to a trespass or other tort, it may constitute the ground of a counter-claim. If the crop, growing on the land when the plaintiff was restored to the possession, was his to do with as he pleased, his taking and disposing of it would not constitute a cause of action or a counter-claim, but it would surely be a good defense, partial or general, to the demand for the rent of that year, or should go in reduction of the damages claimed for the withholding of the possession for that year.

But as the injunction gave the protection of the law to the occupant during its pendency, and as the bond secures the other party in the rent during such occupancy, the occupant, when his original entry is lawful, and under a lease or permission of uncertain duration, may be regared as in effect a tenant or *quasi* tenant under rent, during the pendency of the injunction; and although the defendant in the injunction may rightfully take the possession on the dissolution of the injunction, it does not follow that he is absolutely entitled to the crop then growing on the land. But as the duration of the occupancy, as dependent on the injunction, is uncertain, it would seem to be just and reasonable that, although, by improvidence or inadvertence, the decree directing immediate restitution, the possession of the land may be rightfully taken, the party turnèd out, before the crop is gathered, has the right to the emblements. In this view, which we think is correct, a cause of action arose upon the taking and disposing of the crop

by the plaintiff when he obtained the possession. This was, therefore, a good counter-claim under the Code. And as the evidence conduced to establish the grounds of the counter-claim in both of its branches, and was sufficient to authorize the jury to find, for the defendant, the sum mentioned in the verdict, and as, moreover, no objection is taken in argument to the instructions, except that they allowed the jury to find the counter-claim if sustained by the evidence, the motion for a new trial was properly overruled. The motion in arrest, so far as founded on the supposed insufficiency of the counter-claim, was also properly overruled; and although it may have been more correct to have rendered judgment in favor of Mrs. Tinsley alone, for the sum found due on the counter-claim, this is a matter between the defendants, and this objection is not available to the plaintiff.

Wherefore, the judgment is affirmed.

fect a *quasi* tenant under rent during the pendency of the injunction; and though upon the dissolution of the injunction the claimant may lawfully take the possession, it does not follow that he is entitled to the crop then growing on the land. It belongs to the person who under such circumstances planted it, and if taken with the land constitutes a valid counter-claim to the demand for rent upon the bond.